UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

v.                                                                                          5:08-cr-18-Oc-10GRJ

LAWRENCE MERCER
_____

**REPORT AND RECOMMENDATION**[1]

On December 22, 2008 the Court conducted a hearing regarding Defendant's Motion To Withdraw Plea Agreement. (Doc. 18.) The Defendant appeared personally and was represented by Rick Carey an Assistant Federal Public Defender, who was, appointed by the Court to represent the Defendant pursuant to the Criminal Justice Act.

The Defendant was charged in the Southern District of Ohio in a criminal information[2] with one count of stealing approximately $116,000 of retirement annuity benefits from the United States Railroad Retirement Board in violation of 18 U.S.C. § 641. The maximum term of imprisonment for a violation of this provision is ten years. On or around March 13, 2008 the case was transferred to the Middle District of Florida pursuant to Rule 20 of the Federal Rules of Criminal Procedure because the Defendant agreed to plead guilty to the charge and agreed to be sentenced in the Middle District of

---

[1] Specific, written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within ten (10) days after service of this document. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

[2] As far as the Court could determine from the docket in the Southern District of Ohio there was no waiver of the right to be charged by indictment even though the underlying offense is a felony. Consequently, prior to the commencement of the guilty plea colloquy the Court obtained a waiver of indictment by Defendant (Doc. 14) after conducting an appropriate inquiry to insure that the waive was made knowingly and voluntarily.

Florida where he resides. (Doc. 1.) The United States Attorneys for both the Southern District of Ohio and the Middle District of Florida agreed to the transfer and consequently the matter was transferred to the Orlando Division of this Court.  On March 19, 2008 the case was transferred from the Orlando Division to the Ocala Division because the Defendant resided in Citrus County, Florida, which is within the Ocala Division.

Eventually, on December 2, 2008 pursuant to notice the Defendant appeared before the undesigned for a guilty plea proceeding pursuant to Rule 11 of the Federal Rules of Criminal Procedure.[3] The Court conducted a guilty plea colloquy and having satisfied itself that the guilty plea was knowing and voluntary and that there was a sufficient factual basis for the guilty plea, the Court issued a report and recommendation, recommending that the guilty plea be accepted and the Defendant be adjudicated guilty. (Doc. 13.)

After the report and recommendation had been entered, but before the time for objecting had passed - and before the guilty plea was accepted by district judge - the Defendant filed a Motion To Withdraw Plea Agreement. (Doc. 18.) The gist of Defendant's motion is that he had been advised in Ohio by counsel and by the investigating officers that he would not receive a sentence that involved a term of imprisonment but would receive a sentence of probation. Although the Court had expressly inquired during the plea colloquy as to whether there had been any representations made to the Defendant, the Defendant apparently misunderstood the

---

[3] Although the reason for the delay in scheduling the guilty plea hearing is not entirely clear, apparently there was difficulty contacting the Defendant at his address.

Court's inquiry. At the hearing on December 22, 2008 the Defendant advised the Court that when he had agreed to the transfer from Ohio and then when he entered his guilty plea on December 2, 2008 he had relied upon the representations purportedly made to him in Ohio concerning whether he would receive probation or a term of imprisonment. Consequently, the Defendant requested that he be permitted to withdraw his guilty plea. Further, because the only reason the case was transferred to this Court was based upon the agreement to enter a guilty plea, the case is due to be transferred to the Southern District of Ohio, the prosecuting district. As a practical matter, because all of the representations made to the Defendant occurred in Ohio and were made by the investigating agents in Ohio - as well as allegedly by the Defendant's own attorney in Ohio - the Court would be reluctant to accept the guilty plea even if the Defendant had not filed a motion to withdraw his guilty plea.

Pursuant to Rule 11(5)(d)(1) of the Federal Rules of Criminal Procedure, the defendant may withdraw a plea of guilty "for any reason or no reason" so long as the Defendant does so "before the court accepts the plea." Because the Court has not accepted the plea of guilty pursuant to the report and recommendation, the Defendant has an absolute right to withdraw his guilty plea.

Accordingly, for these reasons, it is respectfully **RECOMMENDED** that Defendant's Motion To Withdraw Plea Agreement (Doc. 18) be **GRANTED**, the Report and Recommendation Concerning Guilty Plea (Doc. 13) be **VACATED** and

the Court order the transfer of this case back to the United States District Court for the Southern District of Ohio for further disposition.

**IN CHAMBERS** in Ocala, Florida, on this 22nd day of December, 2009.

GARY R. JONES
United States Magistrate Judge

Copies to:
    United States (Lammens)
    Federal Public Defender (Carey)
    Defendant
    United States District Judge